St. Louis, Iron. Mountain & Southern Railway Company

*v.* Reed.

Opinion delivered June 17, 1905.

1. Railroad—presumption as to one riding in freight train.—When there is a division of the freight and passenger business of a railroad, the common presumption is that a person found on a freight train is not legally a passenger; and if he claims that he is, it devolves upon him to show a state of case that will rebut the presumption. (Page 109.)

2. Same—injuries from riding in freight train.—Where a person, without paying fare, rode upon the caboose of a through freight train, when he knew, or ought to have known, that such caboose was not intended for the carriage of passengers, and sustained injuries in a collision, he cannot recover therefor unless the injuries were wantonly or willfully inflicted. (Page 110.)

Appeal from Hot Spring Circuit Court.

Alexander M. Duffie, Judge.

Reversed.

STATEMENT BY THE COURT.

Levi Reed was a machinist in the employ of the "Cotton Belt" Railway Company at Texarkana, Ark. His home was at Malvern, Ark., where his family lived. On the 3d of March, 1902, Reed desired to visit his home, and, meeting Tom Gentry, a conductor on a through freight train of the defendant company, he asked him "when he would get out." Gentry replied, "I am going out now."

Reed testified that, while he had known Gentry for several years, he did not know that he was a conductor, but supposed that he was a brakeman, and did not ask him if he could go with him. But, after having this conversation with Gentry, Reed obtained a leave of absence from his company, and then went

and boarded the caboose attached to the through freight train on which Gentry was conductor. This train was not at the depot, but was standing on what was called the "caboose track," near the stock pens and some distance away from the passenger depot. None of the employees of the company were at the caboose when Reed boarded it, but he saw some of them there before the train pulled out. He did not buy a ticket, and paid no fare. He understood that the train which he boarded was a through freight, but says he did not know that it did not carry passengers.

The conductor testified that when Reed met him at Texarkana "he asked me when I was going out, and wanted to know if there would be any show for him to go up the road with me. I told him I supposed it would be all right, that the caboose was in the yard, and I did not think that anybody would see him or find out if he went up with me." He further testified that nothing was said about fare; that he did not collect any fare, and did not intend to collect any.

The train left Texarkana about 5 o'clock, and the night following, about fifty miles north of Texarkana, at Boughton, another train accidentally ran into the caboose, and Reed's leg was broken above the ankle, and he received other injuries. He brought an action against the company to recover damages. The company set up that it was against its rules and regulations for conductors to carry passengers on through freight trains, and that the plaintiff was on the train without its permission, and was a trespasser, and the company was not responsible for his accidental injury.

There was a verdict and judgment against the company in favor of plaintiff for five hundred dollars, from which it appealed.

*B. S. Johnson,* for appellant.

Appellee was not a passenger, and cannot recover for injuries received, because they were not wantonly and willfully inflicted. 114 Fed. 123; 67 Fed. 522; 81 Ill. 250; 83 Ill. 431; 85 Ill. 84; 131 Ill. 64; 22 Barb. 91; 8 Kan. 505; 76 Tex. 175; 64 Ia. 48; 73 Ia. 463; 45 Kan. 377; 39 Kan. 531; 38 Kan. 608; 5 S. E.

175; 22 Barb. 91; 57 N. Y. 382; 153 Mass. 188; 64 Mich. 196;
49 Ark. 360; 45 Ark. 46; 67 Fed. 553; 3 Thomp. § 3157; 57
N. Y. 382; 59 Ark. 395; 45 Ark. 46; 53 Fed. 997; 153 Mass.
188; 149 Mass. 204; 70 Me. 65; 51 Conn. 143; 83 Ill. 427.

*E. H. Vance. Jr.,* and *Andrew I. Roland,* for appellee.

Appellant is liable. 11 S. W. 751; 50 Mo. 107; 66 Mo.
576; 104 Mass. 120; 107 Mass. 108; 35 Kan. 185; 58 Me. 187.
Appellant cannot escape liability upon the ground that the con-
ductor had no authority to permit appellee to ride. 2 Shear. &
R. Neg. § 489; 2 Wood, Railroads, 1045; 72 Mo. 62; 6 L. R.
A. 409; 50 L. R. A. 381; Hutch. Car. § 565; Thomp. Car. Pas.
44; 2 Wood, Railroads, 1214; 2 *Id.* 1207; 107 Mass. 110; 104
Mass. 117. Appellant was guilty of gross negligence. 99 Ala.
397; 14 Fed. 710.

Riddick, J., (after stating the facts.) This is an action by
the plaintiff to recover damages received while riding on one of
the defendant's through freight trains. The rules and regula-
tions of the company did not allow the conductors of such trains
to carry passengers. The plaintiff in this case was an employee
of another railroad company, but, being an acquaintance of the
conductor who had charge of this train, he was permitted by him
to ride in the caboose attached to it. The plaintiff testified that
he did not know that it was against the rules of the company
to carry passengers on such trains, but, leaving out the testimony
of the witness for the defendant on this point, the question
arises whether the undisputed facts do not show that he either
had notice, or, what is the same thing, that he had notice of facts
sufficient to put him upon inquiry, and that if he had made any
inquiry he could easily have ascertained the fact that the
employees of this train had no right to accept him as a passen-
ger. Now, plaintiff did not find this train at the passenger depot.
He boarded it in the yards of the company, near the stock pen.
It had no passenger coach attached, and there was nothing about
it to indicate that it was intended for the carriage of passengers
Plaintiff himself shows that, though he had time and opportunity
to inquire and ascertain whether passengers were allowed to be
carried on this train, he did not do so.

When we consider that plaintiff was 53 years old, had worked for railroads about fifteen years, was then at work at Texarkana for the Cotton Belt Railway Company, while his family lived at Malvern, a town on defendant's railway, between which place and Texarkana several passenger trains were run each day, one of which trains was due to leave Texarkana only a few hours after plaintiff left on the freight, and by which plaintiff could have reached his home as soon or sooner than he could have reached it by the freight train, even had there been no accident—when we consider that plaintiff took this freight, on which an acquaintance was conductor, when he could have taken a passenger train and made better speed, and that up to the time of the accident he had neither paid, nor offered to pay, nor been asked to pay any fare—it seems not unreasonable to believe, as counsel for defendant contends, that he chose this train in preference to the passenger because he had grounds to hope that, through the courtesy of his friend, the conductor, he would be given free transportation. But we need not discuss that feature, for it is quite immaterial. For, conceding that plaintiff acted in good faith in getting on this train, it is clear that he acted carelessly. One should not get on the caboose of a through freight train, standing away from the passenger depot, in the yards of the company near a stock pen, with the intention to travel thereon as a passenger, without making some inquiry as to whether the train is intended for passengers. If, without inquiring, he does get on such a train not intended for passengers, and is carried safely to his destination, he gains that much at the expense of the company. On the other hand, if an accident happens, and he is injured, there is no reason or justice in requiring the company to pay for his injuries, unless they have been wantonly or willfully inflicted. "When," said Chief Justice Cockrill, "there is a division of the freight and passenger business of a railroad, the common presumption is that a person found on a freight train is not legally a passenger; and if he claims that he is, it devolves upon him to show a state of case that will rebut the presumption." *Hobbs* v. *Texas Pacific Ry. Co.,* 49 Ark. 360.

The facts in this case do not rebut this presumption, but show conclusively that the circumstances under which plaintiff boarded this train were sufficient to give him notice that this train was not intended for the carriage of passengers. Whether in fact he believed it was intended for passengers is a matter of no moment; for, although members of the train crew were present, he made no inquiry, and cannot hold the company responsible for his ignorance. The law in such a case treats him as knowing those things which he could and should have ascertained by inquiry. This question has been fully discussed by a recent decision of the Court of Appeals to which we refer. *Purple* v. *Union Pacific R. Co.,* 114 Fed. Rep. 123.

Had plaintiff been a boy or person of immature years, there would be more reason to support the judgment; but the facts in this case show that plaintiff, and not the company, was to blame for his presence on this train. He was injured by a collision which the evidence shows was the result of carelessness, but was not the result of wanton or wilful negligence. On the whole case, we are convinced that it would be unjust to compel the company to pay damages for the injury to plaintiff which was caused by his getting on a train not intended for passengers, in violation of the rules of the company.

Judgment will, therefore, be reversed, and the action dismissed. It is so ordered.